PEOPLE *v.* PATRICK.

CRIMINAL LAW—STATUTORY RAPE—INSTRUCTIONS—OTHER CASES. Instruction given on trial of charge of statutory rape that such crime was defined in a previous case tried before the same term panel of jurors and stating the claim of the prosecuting witness that intercourse had been had with defendant herein and defendant in such other case constituted prejudicial and reversible error, where the previous case had nothing to do with case on trial, since it brought to attention of jury that a like offender, upon similar testimony of the same girl, had been convicted of the crime charged (Act No. 328, § 520, Pub. Acts 1931).

Appeal from Ingham; Hayden (Charles H.), J. Submitted April 15, 1943. (Docket No. 75, Calendar No. 41,953.) Decided May 18, 1943.

Henry Patrick was convicted of statutory rape. Reversed and new trial granted.

*John Wendell Bird,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Victor C. Anderson,* Prosecuting Attorney, for the people.

Wiest, J.    Upon trial by jury, defendant was convicted of statutory rape.* On appeal he alleges many errors, only one of which merits more than passing consideration.

In instructing the jury the court stated:

"Ladies and gentlemen, I say to you, this is a charge, as you have already been told, of statutory rape. I defined that to you the other day in the case of the People v. Puckett."

And later in the instruction, also stated:

"It appears from the testimony in this case, together with the testimony of the case tried the other day, the information which was elicited by questioning here by counsel, that it is the claim of this girl Beulah that the respondent here, Patrick, was the first one to have intercourse with her and that sometime shortly thereafter Puckett had intercourse with her."

The Puckett case was previously tried at the same term of court before the same term panel of jurors, and a conviction had. This instruction was prejudicial for it brought before the jury the reminder that a like offender, upon similar testimony of the same girl, had been convicted of the crime of statutory rape. The Puckett case had nothing to do with the case on trial, and for the court to remind the jury of what had been previously done by the members of the same panel in the Puckett case was reversible error.

---

* See Act No. 328, § 520, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–520, Stat. Ann. § 28.788).—Reporter.

The conviction is reversed and a new trial granted.

Boyles, C. J., and Chandler, North, Starr, Butzel, Bushnell, and Sharpe, JJ., concurred.